# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TARIQ BELT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-0758 (ESH) |
| | ) |
| ROBERT S. MUELLER, III, *et al*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff, a federal prisoner, sues the United States for breach of contract and violations of his due process rights stemming from the alleged breach.[1] Specifically, plaintiff alleges that the Federal Bureau of Investigation failed to respond to his claim for abandoned personal property, including $248,992 in United States currency, and therefore has accepted his "terms and conditions."[2] (Compl. at 3.)  Claiming to be the rightful owner of the property, plaintiff seeks a declaratory judgment and delivery of the property to him. (*Id*. at 6.)

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 15.)  Plaintiff moves for summary judgment pursuant to Rule 56. (Dkt. No. 19.)  Because the value of the claimed property exceeds $10,000, the Court finds that it lacks subject matter jurisdiction over the complaint.  It therefore will grant defendant's Rule 12(b)(1) motion to dismiss, deny plaintiff's motion for summary judgment and dismiss the case.

---

[1] Although plaintiff names FBI Director Robert S. Mueller, III, as the defendant, the complaint allegations support a claim against him only in his official capacity and, thus, against the United States.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[2] Plaintiff also claims entitlement to three luxury vehicles, "assorted jewelry" valued at $61,435, a Bank of America account worth $94,697, and "assorted business inventory." (Compl. at 3.)

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Under the so-called Tucker Act, the Court of Federal Claims has exclusive jurisdiction over a claim based on an express or implied contract with the United States exceeding $10,000. 28 U.S.C. § 1491(a). "[T]he [Tucker] Act has long been construed as waiving sovereign immunity only for claims seeking damages, and not for those seeking equitable relief (except in very limited circumstances [not presented here])." *Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 608 (D.C. Cir. 1992) (internal quotation marks and citations omitted). Although Congress has waived sovereign immunity under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, "for suits seeking relief other than money damages from federal agencies or officials[,]" *id.* at 607, it has not waived immunity "for contract actions against the government," *id*. at 609. The Court therefore lacks jurisdiction under the APA to entertain plaintiff's claim for specific performance of the alleged contract.

Because plaintiff's recourse lies exclusively in the Court of Federal Claims for money damages, the Court grants defendant's motion to dismiss for lack of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge


Dated: September 22, 2009